IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

JORGE ORTIZ. as next friend and parent of
    ⲐＯ.          ., a minor

Plaintiff,

    vs.

UNITED STATES OF AMERICA by and through EVANS ARMY COMMUNITY
HOSPITAL; KATHRYN M. ZAMBONI-CUTTER, M.D.; STEPHEN JONES, M.D.; DONALD
ROBINSON, M.D.; CATHERINE HADLEY, R.N., C.N.M.; KRIS PETERS, R.N.; DODI
JOHNSON, R.N.; CAROL PUTZI, R.N.; ELIZABETH DICAMPLI, R.N., RENEE
WILLIAMS, R.N.; ANN BOLAND, R.N.; SUNHEE LEE, R.N.; MARY GOECKER, R.N.;
ANNIE MAI, R.N.; ANDREA NOVIAN, L.P.N.; THERESA MAXIMENKO, L.P.N.; CINDY
RAU-SOBOTKA, C.R.N.A.; KOKO CANTRELL, C.R.N.A.; and EMILY LECLAIR, C.R.N.A.

Defendants.

---

## COMPLAINT FOR DAMAGES AND JURY DEMAND

---

Plaintiff Jorge Ortiz, as next friend and parent of  ⲐＯ⸱   , a minor, by and through

his counsel, James E. Puga, Daniel A. Lipman, and Sean B. Leventhal, of the law firm of

Leventhal, Brown & Puga, P.C., hereby submits his Complaint for Damages and Jury Demand

and states as follows:

### I.    JURISDICTION AND VENUE

1.    This is a Federal Tort Claims Act filed pursuant to 28 U.S.C. §2671.

2.    Plaintiff has satisfied the jurisdictional prerequisite of 28 U.S.C. § 2675 (a) by

timely filing an administrative claim against the United States on July 11, 2011.

3.     Jurisdiction in this Court is appropriate pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 and 28 U.S.C. § 1346(b)(1).

4.     Venue is proper because the negligence of the agents and employees of the Defendant United States of America, causing the injuries hereinafter alleged, occurred within the State and District of Colorado.

## II.     GENERAL ALLEGATIONS

5.     Plaintiff incorporates paragraphs 1 through 4 as if set forth fully herein.

6.     Plaintiff, Jorge Ortiz, as next friend and parent of ' T.O. a minor, is a citizen of the United States and is a resident of the State of Colorado.

7.     The United States of America owns and operates a health care facility known as the Evans Army Community Hospital located at 1650 Cochrane Circle, Fort Carson, Colorado 80913 ("Evans Hospital").

8.     At all times relevant hereto, Kathryn M. Zamboni-Cutter, M.D., was a physician licensed to practice medicine in the State of Colorado.

9.     At all times relevant hereto, Stephen Jones, M.D. was a physician licensed to practice medicine in the State of Colorado.

10.     At all times relevant hereto, Donald Robinson, M.D. was a physician licensed to practice medicine in the State of Colorado.

11.     The above named physicians in averments 8 through 10 may be collectively referred to as "the Defendant Physicians."

12.     At all times relevant hereto, Catherine Hadley, R.N., C.N.M. was a Registered Nurse and Certified Nurse Midwife licensed to practice in the State of Colorado.

13.     At all times relevant hereto, Kris Peters, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

14.     At all times relevant hereto, Dodi Johnson, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

15.     At all times relevant hereto, Carol Putzli, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

16.     At all times relevant hereto, Elizabeth Decampli, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

17.     At all times relevant hereto, Renee Williams, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

18.     At all times relevant hereto, Ann Boland, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

19.     At all times relevant hereto, Sunhee Lee, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

20.     At all times relevant hereto, Mary Goeker, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

21.     At all times relevant hereto, Annie Mai, R.N., was a Registered Nurse licensed to practice in the State of Colorado.

22.     At all times relevant hereto, Andrea Novian, L.P.N., was a Licensed Practical Nurse licensed to practice in the State of Colorado.

23.     At all times relevant hereto, Theresa Maximenko, L.P.N., was a Licensed Practical Nurse licensed to practice in the State of Colorado.

24.     At all times relevant hereto, Cindy Rau-Sobotka, C.R.N.A.., was a Certified Registered Nurse Anesthetist licensed to practice in the State of Colorado.

25.     At all times relevant hereto, Koko Cantrell, C.R.N.A.., was a Certified Registered Nurse Anesthetist licensed to practice in the State of Colorado.

26.     At all times relevant hereto, Emily Leclair, C.R.N.A.., was a Certified Registered Nurse Anesthetist licensed to practice in the State of Colorado.

27.     The above named providers in averments 12 through 26 may be collectively referred to as "the Defendant Nurses."

28.     At all times relevant hereto, Kathryn M. Zamboni-Cutter, M.D. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

29.     At all times relevant hereto, Stephen Jones, M.D. was an employee and/or agent of the United States and was acting within the course and scope of his office or employment.

30.     At all times relevant hereto, Donald Robinson, M.D. was an employee and/or agent of the United States and was acting within the course and scope of his office or employment.

31.     At all times relevant hereto, Catherine Hadley, R.N., C.N.M. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

32.     At all times relevant hereto, Kris Peters, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

33.     At all times relevant hereto, Dodi Johnson, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

34.     At all times relevant hereto, Carol Putzli, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

35.     At all times relevant hereto, Elizabeth Decampli, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

36.     At all times relevant hereto, Renee Williams, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

37.     At all times relevant hereto, Ann Boland, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

38.     At all times relevant hereto, Sunhee Lee, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

39.     At all times relevant hereto, Mary Goeker, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

40.     At all times relevant hereto, Annie Mai, R.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

41.     At all times relevant hereto, Andrea Novian, L.P.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

42.     At all times relevant hereto, Theresa Maximenko, L.P.N. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

43.     At all times relevant hereto, Cindy Rau-Sobotka, C.R.N.A. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

44.     At all times relevant hereto, Koko Cantrell, C.R.N.A. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

45.     At all times relevant hereto, Emily Leclair, C.R.N.A. was an employee and/or agent of the United States and was acting within the course and scope of her office or employment.

### III.    FACTUAL ALLEGATIONS

46.     Plaintiff incorporates paragraphs 1 through 45 as if set forth fully herein.

47.     Employees and agents of Evans Army Community Hospital including nurses, doctors, and staff were negligent in their care and treatment of both Heather Ortiz and Isabella Ortiz.

48.     Prenatal care regarding medications to be provided to Heather Ortiz occurred on March 5, 2009.

49.     On or about March 16, 2009, Heather Ortiz was admitted to Evans Army Community Hospital to deliver   I. O.

50.     On or about March 16, 2009, March 17, 2009, and March 18, 2009, Heather Ortiz and *I.O.* were under the care and treatment of Defendants including Evans Army Community Hospital, the Defendant Physicians, and the Defendant Nurses.

51.     Heather Ortiz is and was, at all relevant times, allergic to a drug called Zantac.

52.     At all relevant times, including upon Heather Ortiz's admission to Evans Army Community Hospital on March 16, 2009, all Defendants knew or should have known about Heather Ortiz's allergy to Zantac.

53.     All Defendants knew or should have known that administration of Zantac (or similar) to Heather Ortiz could injure the baby.

54.     On or about March 16, 2009, prior to the delivery of *I.O.* Heather Ortiz was given Zantac (or similar).

55.     Heather Ortiz was given Zantac (or similar) by employees of Evans Army Community Hospital.

56.     Heather Ortiz was given Zantac (or similar) by Nurse Dicampli.

57.     The administration of Zantac (or similar) was negligent.

58.     As a result of the negligent administration of Zantac (or similar) to Heather Ortiz, Heather Ortiz had an allergic reaction.

59.     Nurse Dicampli, who administered the Zantac (or similar) to Heather Ortiz left Heather Ortiz's room upon administration of the Zantac (or similar).

60.     Nurse Dicampli did not return for approximately twenty (20) minutes.

61.     The care, or lack thereof, that Heather Ortiz received after the administration of Zantac was negligent.

62.     When Nurse Dicampli returned approximately twenty (20) minutes later, she gave

Diphenhydramine (Benadryl or similar) via IV push to Heather Ortiz.

63.     The administration of Diphenhydramine via IV push was negligent.

64.     Thereafter, Heather Ortiz developed a problem with her blood pressure, and

became hypotensive.

65.     The medical care providers at Evans Army Community Hospital did not

appropriately provide care and treatment concerning Heather Ortiz's blood pressure problem.

66.     The care that Heather Ortiz received once it was determined that Heather Ortiz

had a blood pressure problem was negligent.

67.     I . O.     was delivered via cesarean section after the administration of

Diphenhydramine.

68.     The fetal monitoring strips for   I. O.     were not appropriately monitored.

69.     Heather Ortiz and the unborn baby,   I . O.     were not appropriately

monitored.

70.     The fetal monitoring was inappropriate.

71.     During Heather Ortiz's admission for the delivery of   I. O.     on March 16,

2009, through her discharge on or about March 18, 2009, Defendants provided care to Heather

Ortiz and   I. O.     .. These providers, including, but not limited to the Defendant Physicians

and the Defendant Nurses, were negligent with regard to their care and treatment of Heather

Ortiz and   I. O.

72.     As a direct and proximate result of the negligence of Defendants,   I. O.

has suffered severe injuries, damages, and losses including, but not limited to, a hypoxic brain

injury which has resulted in cerebral palsy. Plaintiff has suffered past and future economic

losses, past and future non-economic losses, and past and future disfigurement and physical

impairment losses.   *I.O.*   has suffered and will continue to suffer a loss of enjoyment of

life, pain and suffering, physical impairment and disability, emotional distress, and other similar

injuries. These injuries are permanent and will be permanently disabling, incapacitating,

crippling, and humiliating. Plaintiff has incurred expense for therapy, medicines, medical

treatments, rehabilitation, home nursing care, and other similar expenses, and will continue to

incur such expenses indefinitely into the future.   *I.O.*   will suffer a loss of income in the

future, damages related to loss of home services and in the past has incurred the loss of home

services also.   *I.O.*   has suffered a loss of earning capacity and a loss of ability to enjoy

a full and useful life.   *I.O.*   has suffered damages in an amount to be determined by the

trier of fact.

## IV.   FIRST CLAIM FOR RELIEF
**(United States of America by and through Evans Army Community Hospital, The Defendant Nurses, Catherine Hadley, R.N., Kris Peters, R.N., Dodi Johnson, R.N., Carol Putzi, R.N., Elizabeth Dicampli, R.N., Renee Williams, R.N., Ann Boland, R.N., Sunhee Lee, R.N., Mary Goecker, R.N., Annie Mai, R.N., Andrea Novian, L.P.N., Theresa Maximenko, L.P.N., Cindy Rau-Sobotka, C.R.N.A., Koko Cantrell, C.R.N.A., and Emily Leclair, C.R.N.A. – *Negligence*)**

73.   Plaintiff incorporates paragraphs 1 through 72 as if set forth fully herein.

74.   On or about March 16, 2009, Heather Ortiz placed herself under the care and

treatment of the Defendant Nurses, Catherine Hadley, R.N., Kris Peters, R.N., Dodi Johnson,

R.N., Carol Putzi, R.N., Elizabeth Dicampli, R.N., Renee Williams, R.N., Ann Boland, R.N.,

Sunhee Lee, R.N., Mary Goecker, R.N., Annie Mai, R.N., Andrea Novian, L.P.N., Theresa

Maximenko, L.P.N., Cindy Rau-Sobotka, C.R.N.A., Koko Cantrell, C.R.N.A., and Emily

Leclair, C.R.N.A.

75.     The Defendant Nurses were employees and/or agents of the United States of

America at Evans Army Community Hospital.

76.     The employees and agents of the United States of America at Evans Army

Community Hospital, including but not limited to, the Defendant Nurses including Defendant

Dicampli, who provided care and treatment to Heather Ortiz and     I.O.     on or about

March 5, 2009, March 16, 2009, March 17, 2009, and March 18, 2009, were negligent in their

care and treatment of Heather Ortiz and   I.O.        .

77.     The employees and agents of the United States of America at Evans Army

Community Hospital including but not limited to the Defendant Nurses and Defendant Dicampli,

owed Heather Ortiz and   I.O.     a duty to exercise that degree of care, skill, caution,

diligence, and foresight exercised by and expected of medical care providers in similar

situations.  These Defendants deviated from the standard of care and were negligent in at least

the following:

        a.  Failing to properly monitor Heather Ortiz's condition during the period

            proceeding the birth of   I.O.   .;

        b.  Failing to properly conduct fetal monitoring;

        c.  Failing to appropriately treat Heather Ortiz's condition during the period

            preceding the birth of   I.O.   .;

        d.  Failing to properly monitor and report the medical course of Heather Ortiz and

            I.O.    .

e. Failing to properly administer medication to Heather Ortiz preceding the birth of _I.O._ ;

f. Failing to appropriately handle the inappropriate administration of medication to Heather Ortiz preceding the birth of _I.O._ ;

g. Failing to properly monitor and treat Heather Ortiz's condition;

h. Failing to properly monitor and treat _I.O._ condition;

i. Failing to provide appropriate medicinal therapies;

j. Failing to consult with other medical specialists in a timely manner;

k. Failing to recognize a dangerous allergy prior to rendering care; and

l. Failing to properly check regarding allergy before administering medication.

78. As a direct and proximate result of the negligence of the employees and agents of the United States of America by and through Defendant Evans Army Community Hospital, including but not limited to, the Defendant Nurses and Defendant Dicampli, _I.O._ has suffered significant permanent brain injury and dysfunction, impairment of motor and speech, physical impairment, motor impairment, physical disfigurement, emotional distress, mental anguish, and physical suffering. Her injuries have and will continue to be disabling and humiliating. Plaintiff claims past and future economic losses, past and future non-economic losses, and past and future disfigurement and physical impairment losses. The injuries she has suffered are permanent. _I.O._ will be forced to spend monies in the future for medicine, physicians' fees, medical procedures, medical treatments, and rehabilitation therapy. _I.O._ has suffered a loss of ability to enjoy a full, useful and normal life.

79.     As a direct and proximate result in conduct of Defendant Evans Army Community Hospital, including, but not limited to, the Defendant Nurses and Defendant Decampli, Plaintiff has suffered past and future economic losses, including, but not limited to, past and future expenses for physicians, hospitalizations, rehabilitation and related medical care and treatment, and will, in the future, be forced to spend monies for medicines, hospital care, doctors' fees, medical procedures, assistance in daily living and other related medical, rehabilitation and life-care costs.

## V.     SECOND CLAIM FOR RELIEF
### (United States of America by and through Evans Army Community Hospital - *Negligence*)

80.     Plaintiff incorporates paragraphs 1 through 79 as if set forth fully herein.

81.     On or about March 16, 2009, Heather Ortiz placed herself under the care and treatment of Defendant Evans Army Community Hospital for the purpose of prenatal care and the delivery her child, [1] *F. O.*

82.     During the prenatal period concerning the March 16, 2009 admission, Defendant Evans Army Community Hospital was negligent in the care and treatment of Heather Ortiz and *F. O.*

83.     Defendant Evans Army Community Hospital was negligent in the care and treatment regarding the labor and delivery.

84.     Defendant Evans Army Community Hospital was negligent in the operation of its pharmacy.

85.     Defendant Evans Army Community Hospital was negligent by providing medication to a patient that she was allergic to.

86.     With respect to the care and treatment of Heather Ortiz and     *I.O.*     this Defendant owed a duty to exercise a degree of care, skill, caution, diligence, and foresight exercised by and expected of medical care facilities, hospitals, and pharmacies, in similar situations.

87.     This Defendant deviated from that standard and was negligent in at least the following:

    a.  Failing to have proper procedures in place to determine a patient's allergies;

    b.  Failing to have a proper procedure in place to adequately communicate a patient's allergies to the providers;

    c.  Failing to follow appropriate procedures regarding the administration of medications, including, but not limited to, Zantac and Diphenhydramine;

    d.  Failing to follow appropriate procedures regarding assuring that patients do not receive drugs they are allergic to;

    e.  Failing to provide appropriate supervision of medical care providers that provided care and treatment to Heather Ortiz and     *I.O.*

    f.  Failing to properly train staff, including nurses;

    g.  Failing to properly schedule and have appropriate coverage of staff, including nurses.

    h.  Failing to properly run the pharmacy; and

    i.  Failing to have checks and procedures to prevent a pregnant mother from having a hypotensive event as a result of receiving a drug.

88.     As a direct and proximate result of the negligence of Defendant Evans Army Community Hospital,     *I-O.*     has suffered injuries and damages as more fully described above.

## VI.    THIRD CLAIM FOR RELIEF
**(United States of America by and through Evans Army Community Hospital - *Respondeat Superior*)**

89.     Plaintiff incorporates paragraphs 1 through 88 as if set forth fully herein.

90.     At all relevant times, the Defendant Nurses, including Defendant Decampli, the Defendant Physicians and other staff, nurses, doctors, and medical providers who provided care to Heather Ortiz and     *I. O.*     on March 16, 2009, March 17, 2009, and/or March 18, 2009, were employees and/or agents of the United States of America by and through Evans Army Community Hospital and were acting within the course and scope of their office or employment.

91.     The Defendant Nurses, the Defendant Physicians, and other staff, nurses, doctors, and medical providers were negligent in their care and treatment of Heather Ortiz and     *I. O.*     while acting within the course of their employment or course of their authority.

92.     Defendant United States of America is responsible for the negligent acts of the employees and/or agents, including but not limited to Defendant Evans Army Community Hospital, the Defendant Nurses, the Defendant Physicians, and other staff, nurses, doctors, and providers at Evans Army Community Hospital.

93.     As a direct and proximate result of the negligent conduct of the United States of American by and through these medical care professionals,     *I. O.*     has suffered injuries and damages as more fully described above.

## VII.    FOURTH CLAIM FOR RELIEF

14

**(United States of America by and through Evans Army Community Hospital, The Defendant Physicians –*Negligence*)**

94.     Plaintiff incorporates paragraphs 1 through 93 as if set forth fully herein.

95.     On or about March 16, 2009, Heather Ortiz placed herself under the care and treatment of the employees and/or agents of the United States of America at Evans Army Community Hospital, including but not limited to, the Defendant Physicians, including Defendant Zamboni-Cutter, who provided care on March 5, 2009, March 16, 2009, March 17, 2009, and/or March 18, 2009, for the delivery of her daughter,  I. O.

96.     The Defendant Physicians, including Defendant Zamboni-Cutter, provided care and treatment to Heather Ortiz and  I. O.     on or about March 5, 2009, March 16, 2009, March 17, 2009, and March 18, 2009, concerning the prenatal care, labor, and delivery of I. O.

97.     The Defendant Physicians, including Defendant Zamboni-Cutter, were negligent with regard to the care and treatment provided to Heather Ortiz and  I. O.

98.     These Defendants owed Heather Ortiz and  I. O.     a duty to exercise that degree of care, skill, caution, diligence, and foresight exercised by and expected of physicians in similar situations.  These Defendants deviated from the standard of care and were negligent in at least the following:

    a.  Ordering a drug Heather Ortiz was allergic to;

    b.  Failing to properly monitor Heather Ortiz's condition during the period proceeding the birth of  I. O.

    c.  Failing to appropriately treat Heather Ortiz's condition during the period preceding the birth of  I. O.

    d. Failing to adequately supervise the medical therapies, including medications, provided to Heather Ortiz preceding the delivery of   *I.O.*

    e. Failing to provide appropriate medicinal therapies;

    f. Failing to appropriately treat Heather Ortiz's condition prior to the delivery of *I.O.* ;

    g. Failing to conduct proper fetal monitoring;

    h. Failing to appropriately ascertain Heather Ortiz's allergies prior to the administration of medications;

    i. Failing to appropriately recognize that Heather Ortiz was allergic to Zantac;

    j. Failing to appropriately manage the care after the administration of Zantac;

    k. Failing to appropriately supervise the care after the administration of Zantac;

    l. Failing to consult with other medical specialists in a timely manner;

    m. Failing to provide appropriate supervision of medical care providers providing care and treatment to Heather Ortiz and *I.O.* , and

    n. Failing to recognize a dangerous allergy prior to rendering care.

99. As a direct and proximate result of the negligent conduct of the Defendant Physicians, including Defendant Zamboni-Cutter, *I.O.* has suffered injuries and damages as more fully described above.

## VIII. FIFTH CLAIM FOR RELIEF
### (All Defendants – *Informed Consent*)

100. Plaintiff incorporates paragraphs 1 through 99 as if set forth fully herein.

101. With respect to the care and treatment provided to Heather Ortiz and *I.O.* , all Defendants were negligent in failing to properly inform Heather Ortiz with respect to

the risks of the care, course of care, provision of medication, and treatment that was provided

and the risks of the treatments and care to her unborn daughter, I.O. . These Defendants

failed to properly inform Heather Ortiz of the alternative available courses of treatment, care,

medications, and consequences thereof, as well as failing to obtain Heather Ortiz's full and

complete informed consent to the care and treatment.

102.    Had these Defendants timely and properly informed Heather Ortiz of the true

nature of her medical condition and the true nature of I.O. 's medical condition, and of

the risks of and alternative to the treatment, medications, and care provided, Heather Ortiz would

have chosen alternative treatment.

103.    As a direct and proximate result of the negligent conduct and lack of proper

informed consent of these Defendants, I.O. has suffered damages as more fully

described above.

WHEREFORE, Plaintiff respectfully prays for compensatory damages in favor of the

Plaintiff and against all Defendants in an amount to be determined by the trier of fact, all

prejudgment interest allowed by law, all pre-filing interest allowed by law, all post judgment

interest allowed by law, expert witness fees, filing fees, deposition expenses and for all other

costs and expenses as allowed under law and for such other and further relief as this Court may

deem appropriate.

**PLAINTIFF DEMANDS TRIAL TO A JURY.**


Respectfully submitted this 3rd day of July, 2012.


LEVENTHAL, BROWN & PUGA, P.C.


17

*s/ Sean B. Leventhal*
James A. Puga, #18960
Daniel A. Lipman, #35046
Sean B. Leventhal, #42371
950 S. Cherry Street, Suite 600
Denver, Colorado  80246
Phone:  (303) 759-9945
Facsimile:  (303) 759-9692

**PLAINTIFF'S ADDRESS:**
Jorge Ortiz
6725 Wild Indigo Drive
Colorado Springs, CO 90923