IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01731–PAB–KMT

JORGE ORTIZ, as next friend and parent of I.O., a minor,

    Plaintiff,

v.

UNITED STATES OF AMERICA, by and through EVANS ARMY COMMUNITY HOSPITAL,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Defendant United States of America's Motion to Stay Discovery ("Mot.") [Doc. No. 48, filed November 30, 2012]. Plaintiff does not wholly oppose the stay of discovery pending ruling on Defendant's Motion to Dismiss ("Mot.Dismiss") [Doc. No. 37], however requests limited discovery "necessary in order for the plaintiff to fully address the Motion to Dismiss." *See* Plaintiff's Response to Defendant United States' Motion to Stay Discovery at 2 [Doc. No. 55], filed December 14, 2012. The United States filed its Reply on December 20, 2012. [Doc. No. 62.] The court has determined that oral argument would not be helpful to resolution of the Motion and therefore the matter is ripe for review and ruling.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.* The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The Plaintiff in this case argues not against a stay of merits discovery until resolution of Defendant's Motion to Dismiss, but rather only in favor of some limited discovery that would allow Plaintiff to address more fully the defense raised by the defendant in the Motion to Dismiss.

Plaintiff is the "next friend and parent" of I.O. I.O. was born at Evans Army Community Hospital ("EACH") located on the Fort Carson army base in Colorado Springs, Colorado. (Compl. [Doc. No. 8] at ¶ 7.) Plaintiff alleges that on March 16, 2009, Heather Ortiz, Plaintiff's mother, an active duty member of the armed services, was admitted to EACH for the operative delivery of I.O. by cesarean section. (*Id.* at ¶ 49.) Plaintiff alleges that Nurse Dicampli improperly and negligently administered Zantac, a drug to which she was allergic, to Heather

2

Ortiz. (*Id.* at ¶¶ 47, 51 - 61, 98, 101, 102.) Plaintiff further alleges Nurse Dicampli then improperly administered Diphenhydramine (Benadryl) to Heather Ortiz causing her to experience high blood pressure. (Id. at ¶ 64.) Plaintiff alleges the care Heather Ortiz received after her blood pressure rose was negligent. (*Id.* at ¶ 63, 67.) I.O. was delivered by cesarian section after the administration of the Diphenhydramine, and Plaintiff alleges I.O. now suffers from cerebral palsy as a result of the alleged negligence set forth. (*Id.* at ¶¶67, 72.)

Defendant United States has not answered the Complaint but elected instead to file its Motion to Dismiss claiming that because Heather Ortiz's medical care was incident to her military service, both her own claims and the derivative claims of her daughter, I.O., are barred by the *Feres* doctrine, a limitation on the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity for suits by active-duty service members.

The FTCA, providing a specified waiver of the government's otherwise applicable sovereign immunity under some circumstances, is strictly construed. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."); *United States v. Orleans*, 425 U.S. 807, 814 (1976) ("the United States can be sued only to the extent that it has waived its immunity.") In *Feres v. United States*, 340 U.S. 135, 146 (1950), the Supreme Court interpreted the FTCA to create a judicial exception to the recognized waiver of sovereign immunity for personal injury claims against the government, holding that the federal government is not liable under the FTCA for injuries to service personnel where the injuries arise out of or are in the course of activity incident to service. *Id.*; *see also Newton v. Lee*, 677 F.3d 1017, 1024 (10th Cir. 2012). *Feres*,

however, has been held in at least one jurisdiction not to bar a claim where the care at issue was provided directly for the benefit of a service member's child, such as in prenatal care rendered to the unborn child. *See e.g., Brown v. United States*, 462 F.3d 609, 614 (6th Cir. 2006) (finding the *Feres* doctrine inapplicable where the service member's child was injured due to negligent medical care [inadequate prenatal care] administered solely to the detriment of the child).

Plaintiff claims that the administration of Benadryl by the Defendant during Heather Ortiz's labor and delivery to counteract the effects of the previously administered Zantac[1], was for the benefit of I.O., the infant who was not an active duty service member. (Resp., Ex. 3, Affidavit of Aaron Caughey, M.D., ¶ 6). The Defendant, not surprisingly, asserts a contrary view that Plaintiff's claims involve neither negligent prenatal care nor care directed toward I.O. separate from the care provided to her mother, and argues that the administration of Benadryl under the medical scenario presented was solely for the benefit of Heather Ortiz, a service member, and not for the benefit of then unborn I.O. (Mot.Dismiss at 7).

Plaintiff argues that the factual presentation in this case is one of first impression in this Circuit, condensed to wit: the effect of *Feres* under circumstances where medical treatment administered to a pregnant service member to benefit the service member also benefits her unborn child.

---

[1] Defendant claims there is no evidence of any allergic reaction to Zantac of Heather Ortiz in the medical records. Rather, Defendants allege that after Ortiz had received a partial dosage of Zantac and after being informed that Ortiz was allegeric to Zantac, treating obstetrician Kathryn Zamboni-Cutter ordered the administration of Benadryl as a "prophylactic medication to counter any potential reaction that might have arisen to affect Captain Ortiz." (Mot.Dismiss, Ex. A1, Declaration of Dr. Kathryn Zamboni-Cutter, at ¶ 12)

When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC*, 2006 WL 894955, at * 2.

In cases involving jurisdiction or claims of immunity, however, the analysis is somewhat more restrictive. First, the court notes that it may stay discovery where "resolution of a preliminary motion may dispose of the entire action." *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Coors,* 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (citing *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003)). Plaintiffs do not dispute that Defendants' Motion to Dismiss, if granted *in toto*, would dispose of this entire action. "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." 8 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). This is such a case.

However, even where a jurisdictional or immunity defense is asserted and a stay ordered on most discovery, some limited fact finding discovery may still be permitted. *See Crawford–El v. Britton*, 523 U.S. 574, 593, n.14 (in a case involving qualified immunity of public officials, "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity"); *Anderson v. Creighton*, 483 U.S. 635, 646,

n.6 (1987) (discovery may be appropriate where, for example, the defendant's characterization of his actions differ from the plaintiff's characterization of those actions and is relevant to the issue of immunity). See also *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (party seeking limited discovery to respond to defense of immunity must demonstrate a "connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion."); *Rome v. Romero,* 225 F.R.D. 640, 643 -644 (D. Colo. 2004) (same). This court sees little practical distinction between the limited discovery Plaintiff asserts is relevant to the sovereign immunity defense asserted by Defendant United States at this Rule 12(b)(1) motion stage and these cases involving limited discovery in the context of summary judgment.[2]

Plaintiff seeks to obtain factual information through limited discovery, which he argues is relevant to his position that I.O. was the or one of the intended beneficiaries of the Benadryl injection given to Heather Ortiz during her labor and delivery. Included in the discovery requested by Plaintiff is the EACH's standing orders for labor and delivery, the hospital's policies and procedures that address fetal monitoring, administration of medications in labor and delivery, and documentation of medical care, as well as depositions of the nurse who

---

[2] When considering a Fed. R. Civ. P. 12(b)(1) motion the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's factual allegations and "[a] court has wide discretion to allow affidavits, other documents, and [may hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

administered the Zantac and Benadryl, the medical records custodian at Evans Army Community Hospital, the director of labor and delivery nursing and/or the director of nursing, and the obstetrician who ordered the Zantac and Benadryl. (Resp. at 5-6.)

The United States opposes such discovery, claiming it has twice provided Plaintiff with complete medical records of Heather Ortiz from the Army and complete records from EACH concerning this labor and delivery. Defendant United States claims its first production occurred prior to Plaintiff's initiating this claim and the second provided on December 17, 2012, through litigation counsel Mark Pestal. It appears there is no dispute that at least the second set of medical records contained 59 pages of fetal heart monitoring strips identified at "M-EACH-000130 - 000189." (Reply at 3,4.)

The court fails to see how discovery into <u>standing orders</u> for labor and delivery procedures pertinent to Evans Army Community Hospital or the hospital's <u>policies and procedures</u> addressing, 1)fetal monitoring, 2) the administration of medications during labor and delivery, or 3) documentation of medical care will resolve factual issues concerning whether medication administered to Heather Ortiz on March 16, 2009, was treatment directly for the benefit of Heather Ortiz or was for the benefit of I.O., separate from care provided to her mother. The same is true of Plaintiff's request to take depositions of 1) the medical records custodian at EACH, and 2) the director of labor and delivery nursing and/or the director of nursing. This discovery may be relevant to the merits of the Plaintiff's tort claims, should they survive, but not to the immunity defense proffered by the United States pursuant to the *Feres* doctrine.

The factual circumstances surrounding and giving rise to the administration of both Zantac and Benadryl to Heather Ortiz under the specific medical presentation on March 16, 2009, and in light of the medical records previously provided, may be relevant to the issues raised in the Defendant's Motion to Dismiss.

Defendant argues, however, that Plaintiff did not plead in his claims against the United States that the Benadryl administered to Heather Ortiz was administered for the benefit of I.O. (Reply at 2.)  Further, Defendant argues that Plaintiff concedes that Zantac was administered solely for the benefit of Heather Ortiz, not for I.O.  (*Id*.)  The Complaint states, "[t]he care, or lack thereof, that Heather Ortiz received **after** the administration of Zantac was negligent" (Compl. at ¶ 61[emphasis added]) and "[t]he administration of Diphenhydramine via IV push was negligent"(*id.* at ¶ 63).  The Complaint further alleges, "Defendant Evans Army Community Hospital was negligent by providing medication to a patient that she was allergic to" and other allegations involving inappropriate care with respect to the administration of Zantac to Heather Ortiz.  (*Id.* at ¶85.)  Therefore, testimony from the obstetrician who ordered the administration of Zantac and Benadryl would likely to provide factual information relevant to the *Feres* defense at issue.  Dr. Kathryn Zamboni-Cutter, Heather Ortiz's obstetrician, has, however, already submitted her testimonial Declaration under penalty of perjury as to these facts. (Mot. Dismiss, Ex. 2 [Doc. No. 37-2].)

Dr. Zamboni-Cutter testified that "[w]hile preparing for the surgery to begin, the attending nurse administered Zantac to Captain Ortiz per my order." (*Id.* at ¶ 6.)  Dr. Zamboni-Cutter further testified, "Zantac was given to Captain Ortiz to mitigate her risk of chemical

8

pneumonitis" (*id.* at ¶ 7), and "Zantac is commonly used in surgery as a routine preoperative medication to prevent aspiration of gastric acid." (*Id.* at ¶ 8.) Dr. Zamboni-Cutter also testified,

> 9. . . . Captain Ortiz had no adverse effects from the Zantac.
> 10. However, after being informed that Captain Ortiz was allergic to Zantac and had possibly received a partial dose of the medication, I immediately ordered prophylactic Benadryl. Benadryl is a safe and effective medication that is routinely given to prevent or alleviate allergic reactions. The Benadryl was used as a prophylactic medication to counter any potential allergic reaction that might have arisen to affect Captain Ortiz.
> 11. My recollection and the documentation indicates that Captain Ortiz had no adverse effects from the Benadryl.
> 12. The administration of both Zantac and Benadryl was for the benefit of Captain Ortiz, not for the benefit of I.O.

(*Id.* at ¶¶ 9-12.) Given this sworn testimony, the court sees no value in allowing further discovery from this witness before the Plaintiff is held to respond to Defendant United States' Motion to Dismiss.

Additionally, given the sworn testimony that Dr. Zamboni-Cutter ordered the administration of both the Zantac and the Benadryl and her reasons for doing so, the court sees no particular relevance of factual deposition testimony from the nurse who merely followed Dr. Zamboni-Cutter's orders on the issue of whether either of the medications administered to Heather Ortiz on March 16, 2009, were treatment directly for the benefit of I.O. separate from care provided to her mother or whether the treatment was solely for the benefit of Heather Ortiz, an active duty service member.

Therefore, for the reasons set forth herein, the court finds that a stay of all discovery in this case is appropriate pending the District Court's ruling on Defendant's Motion to Dismiss,

and that the limited discovery proposed by Plaintiff is unwarranted and unnecessary for the Plaintiff to properly respond to the motion.

It is therefore **ORDERED**

Defendant United States of America's Motion to Stay Discovery [Doc. No. 48] is **GRANTED** and all discovery in the case is **STAYED** pending resolution of "United States' Motion to Dismiss" [Doc. No. 37].

It is further **ORDERED**

Should any portion of the case remain for trial subsequent to the District Court's ruling on the Motion to Dismiss, the parties shall file a status report within ten days of the ruling requesting the matter be set for a Scheduling Conference.

Dated this 25th day of January, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge